## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| DHLNH, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. NO.: 1:18-cv-00281-JJM-PAS |
| | ) | |
| INTERNATIONAL BROTHERHOOD | ) | |
| OF TEAMSTERS, LOCAL 251; MATTHEW | ) | |
| MAINI; CARL ERNEST; JERRY FLOMO; | ) | |
| ARTHUR PORTER; JOE LEE; and A through XX, | ) | |
| being fictitious names of persons whose true names | ) | |
| are otherwise unknown to Plaintiff, but who are the | ) | |
| persons assembled at or near the facility out of | ) | |
| which Plaintiff operates in Pawtucket, Rhode | ) | |
| Island and whose names will be added by | ) | |
| amendment when ascertained | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF
## DHLNH, LLC'S EMERGENCY MOTION TO REMAND

Defendant International Brotherhood of Teamsters, Local 251 (the "Union") has filed a

Petition for Removal in violation of the "forum-defendant rule" set forth in 28 U.S.C. §

1441(b)(2). In addition, the Union lacks any basis for contending that the amount in controversy

meets or exceeds the jurisdictional minimum of $75,000 that 28 U.S.C. § 1332 and § 1441(b)

require. Indeed, the Union has not even cited to any allegation contained in the Verified

Complaint that Plaintiff DHLNH, LLC filed in state court or provided any other evidence to

substantiate its claim that the amount-in-controversy requirement is met here. The absence of any

basis for the Union's Petition, along with the timing of the Union's filing, demonstrates that the

Union used the Petition to delay a ruling on the Union's Motion for a Temporary Restraining

Order Pursuant to R.I.G.L. § 28-10-2 (the "Motion for TRO"). Accordingly, the Court should

remand this case to state court and award DHLNH the fees and costs that it has incurred as a result of the Union's groundless, tactical removal to deter similar gamesmanship in this district.

### Facts

Since April 30, 2018, the Union has engaged in unlawful activities while picketing at the facility out of which DHLNH operates in Pawtucket, Rhode Island. *See* ECF Doc. 1-1 ¶¶ 13-18. On May 25, 2018, DHLNH filed its Verified Complaint, Motion for TRO, and Memorandum in support of that Motion with the Rhode Island Superior Court for Providence/Bristol County. After DHLNH filed its Verified Complaint, counsel for DHLNH requested that the court hold a hearing on DHLNH's Motion for TRO later that day. *See* E-mail from Lori Caron Silveira to Demonica Lynch (May 25, 2018, at 9:45 a.m.), a copy of which is attached as *Exhibit A*. The court scheduled a hearing on the Motion for TRO for 2:00 p.m. that afternoon, and the judge requested that counsel for the parties meet her in her chambers at 12:15 p.m. to discuss the presentation of evidence at the hearing and other administrative matters. *See* E-mail from Ms. Silveira to Marc Gursky (May 25, 2018, at 11:13 a.m.), a copy of which is attached as *Exhibit B*. Counsel for the Union, however, informed counsel for DHLNH that he was unable to meet with the judge in her chambers at 12:15. *See* E-mail from Ms. Silveira to Ms. Lynch (May 25, 2018, at 11:45 a.m.), a copy of which is attached as *Exhibit C*. At 12:08 p.m., Mr. Gursky informed the court "that the matter ha[d] been removed to the Federal Court." *See* E-mail from Mr. Gursky to Ms. Silveira (May 25, 2018, at 12:08 p.m.), a copy of which is attached as *Exhibit D*. Presumably around that time, the Union filed its Petition for Removal. *See* ECF Doc. 1.

## Argument

### I.   The Union violated the forum-defendant rule by removing this case.

A party may not remove a case on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as a defendant is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).[1] The Union, as an unincorporated association, assumes the citizenship of each of its members (i.e., the employees whom it represents). *See Americold Realty Trust v. Conagra Foods, Inc.*, --- U.S. ---, 136 S. Ct. 1012, 1015, L. Ed. 2d 71 (2016) ("For . . . unincorporated entities, we . . . have adhered to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all its members. . . . [W]e have identified . . . the members of a union as the workers affiliated with it." (internal alterations, quotation marks, and citations omitted)); *see also, e.g., United Steelworkers of Am., AFL-CIO v. R. H. Bouligny, Inc.*, 382 U.S. 145, 147(1965) (remanding case brought by a North Carolina corporation against, and later removed by, a labor organization where "some of [the labor organization's] members were North Carolinians"). At least some of the employees who are members of the Union are residents of Rhode Island, *see* ECF Doc. 1-1 ¶¶ 4, 6-9, 12, and in its Civil Cover Sheet, the Union identified itself as a citizen of the State of Rhode Island, *see* ECF Doc. 1-3. Thus, the Court should remand this case to state court. *See Specialized Loan Servicing, LLC v. Albert*, No. CV163233MASTJB, 2017 WL 401947, at *2 (D.N.J. Jan. 30, 2017) ("Because Defendants are citizens of the forum state, their removal of the matter from state court contravened 28 U.S.C. § 1441(b)(2). . . . The Court, therefore, concludes that this matter is not removable solely on the basis of diversity jurisdiction." (internal citations omitted));

---

[1] To the extent that the Union contends that § 1441(b)(2) does not bar removal because no defendant – including the Union – has been "properly joined and served," there is an additional basis for remand: "[S]ection 1441(b), by its plain language, does not permit removal of [a] non-federal question case before any defendant has actually been served." *See Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 314 (D. Mass. 2013).

*Nordin v. PB&J Resorts, LLC*, No. 15-CV-509-JL, 2016 WL 2757696, at *1 (D.N.H. May 12, 2016) ("After a careful review of the parties' filings and hearing oral argument, the court concludes that removal was improper because [the defendant] is a citizen of New Hampshire. Accordingly, [plaintiff's] motion for remand is granted.").

## II.   The Union has not carried its burden of demonstrating a reasonable probability that the amount-in-controversy requirement is met.

"A case asserting state law claims and filed in state court may be removed by a defendant to federal court, if there is both diversity of citizenship and a sufficient amount in controversy pursuant to 28 U.S.C. § 1446(b)–(c)." *See Deaton v. Liberty Mut. Grp., Inc.*, No. CV 17-233 WES, 2017 WL 5198182, at *1 (D.R.I. Nov. 9, 2017) (quoting *Hogan v. Wal–Mart Stores E., L.P.*, No. CA 13–603 S, 2014 WL 66658, at *2 (D.R.I. Jan. 8, 2014)). As the party seeking removal, the Union "bears the burden of establishing a reasonable probability that the amount in controversy requirement is met." *See id.* at *1 (citing *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 48-50 (1st Cir. 2009)). When determining whether the amount-in-controversy requirement is satisfied, the Court (a) "assumes that [the] [p]laintiff's allegations are true," (b) "considers '[t]he types of damages . . . permitted by the state-law cause of action,'" and (c) "considers affirmative evidence outside of the complaint in support of the amount in controversy." *See id.* (citations omitted). Out of respect for a plaintiff's "choice of court and principles of 'federalism and comity, removal statutes are to be construed strictly, and in ambiguous cases, constructed against removal.'" *See id.* (quoting *Porter v. Am. Heritage Life Ins. Co.*, 956 F. Supp. 2d 344, 347 (D.R.I. 2013)).

As a preliminary matter, the Union has not contended that the amount-in-controversy requirement is satisfied. Instead, it has merely stated that "the amount in controversy *appears to exceed* seventy-five thousand ($75,000) dollars." *See* ECF Doc. 1 at 1 (emphasis added). Such an

unadorned contention is insufficient to demonstrate a reasonable probability that the amount in

controversy meets or exceeds $75,000. *See Worley v. Nat'l Fire Ins. Co. of Hartford*, No. CIV-

05-1117-HE, 2005 WL 3466575, at *1 (W.D. Okla. Dec. 19, 2005) (remanding case where

defendant merely contended that "the amount in controversy 'appears' to exceed the sum of

$75,000"); *Fallstrom v. L.K. Comstock & Co.*, No. 3:99CV952(AHN), 1999 WL 608835, at *2

(D. Conn. July 13, 1999) ("[The] removal notice simply asserts that based on the allegations in

the Complaint the amount in controversy appears to exceed $75,000. The Court finds this bare

assertion insufficient to support removal of the current action."). Thus, the Court should remand

this case to state court.

Even if the Union had alleged that the amount in controversy actually exceeded $75,000,

it would be incumbent on it to identify some allegation or a monetary remedy available to

DHLNH, or produce other affirmative evidence, to support such a contention. Without such

evidence, this Court must remand this case to Superior Court. *See Deaton*, 2017 WL 5198182, at

*2 (remanding case where defendant failed to present any "affirmative evidence to support its

assertion that the . . . claims, 'if substantiated, would realistically meet or exceed . . . the

jurisdictional amount'"); *Terry v. Ford Motor Credit Co.*, No. CA 06-349S, 2006 WL 3455076,

at *2 (D.R.I. Nov. 27, 2006) (remanding case where, among other things, "there [was] no

evidence that the amount in controversy in this matter has ever exceeded $75,000.00").

### III.   The Court should award DHLNH the fees and costs that it has incurred as a result of the Union's filing of a frivolous Petition for Removal because the Union did not have an objectively reasonable basis for removal but used removal as a tactical measure to delay a ruling on DHLNH's Motion for TRO.

"An order remanding the case may require payment of just costs and any actual expenses,

including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A court may

issue such an award where the "where the removing party lacked an objectively reasonable basis

5

for seeking removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The

Union's removal in violation of § 1441(b)(2) was objectively unreasonable, and as a result, the

Court should award DHLNH its fees and costs incurred in opposing removal. *See Ekeya v.*

*Shriners Hosp. for Children, Portland*, 258 F. Supp. 3d 1192, 1206 (D. Or. 2017) (awarding

plaintiff her reasonable attorneys' fees where it was not objectively reasonable for defendants to

assert that individual defendant had been fraudulently joined, and thus, it was not objectively

reasonable for them "to remove [the] action in violation of the forum[-]defendant rule when [the

individual defendant] [was] a citizen of the forum state"); *Kendell v. Pamesa*, No. 2:15-CV-

3107, 2016 WL 537797, at *3 (S.D. Ohio Feb. 11, 2016) (awarding plaintiffs their reasonable

attorneys' fees incurred as a result of removal where removal violated § 1441(b)(2)). Similarly,

DHLNH is entitled to recover the fees and costs that it has incurred as a result of the Union's

removal because the Union has not identified any basis – let alone an objectively reasonable

basis – for contending that the jurisdictional threshold "appears" to be met. *See Caudill v.*

*Ritchie*, No. CIV.A. 09-28-ART, 2009 WL 1211017, at *4 (E.D. Ky. May 1, 2009) (awarding

plaintiffs their attorneys' fees incurred as a result of improper removal where defendants filed a

notice of removal even though "they had no evidence of the amount in controversy"). Finally,

the Union's violation of the forum-defendant rule and the absence of an objectively reasonable

basis for removal demonstrate that the Union's Petition for Removal was merely an ill-disguised

ploy to delay a ruling on DHLNH's Motion for TRO. Awarding DHLNH the fees and costs it

has incurred as a result of the Union's removal will reimburse it for the expense the Union

caused it to incur wrongly and will discourage similar dilatory tactics by other litigants in this

district. *See Martin*, 546 U.S. at 140 ("The process of removing a case to federal court and then

having it remanded back to state court delays resolution of the case, imposes additional costs on

both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff."); *see also, e.g.*, *MTC Dev. Grp., LLC v. Lewis*, No. 11 C 7062, 2011 WL 5868236, at *4 (N.D. Ill. Nov. 20, 2011) ("The timing of defendants' removal of the case, combined with the patently deficient jurisdictional allegations in their notice of removal, suggests that they acted precipitously to get the case into federal court, perhaps perceiving it to be a more favorable forum on the motion for a TRO than the state court and perhaps hoping to string matters out.").

## Conclusion

The Union's removal of this case violates the forum-defendant rule and is not based on a reasonable probability that the amount in controversy in this matter meets or exceeds the jurisdictional threshold. Worse yet, the Union lacked an objectively reasonable basis for disregarding § 1441(b)(2)'s requirements or for contending that "the amount in controversy appears to exceed . . . $75,000 . . . ," and its Petition was merely a tactic to delay a ruling on DHLNH's Motion for TRO. Under these circumstances, the Court should remand the case to Superior Court and award DHLNH the fees and costs that it has incurred as a result of the Union's bad-faith removal of this matter.

DHLNH, LLC

By its attorneys,

/s/ Francesco A. DeLuca
Francesco A. DeLuca (#9293)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA 02108
Tel:  617.994.5700
Fax:  617.994.5701
francesco.deluca@ogletree.com

Lori Caron Silveira (#3002)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel:  401.274.7200
Fax:  401.751.0604
lsilveira@apslaw.com

Dated: May 29, 2018

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed electronically through the ECF system on May 29, 2018, that it is available for viewing and downloading from the ECF system, and that it has been served by electronic means on the following counsel of record:

> Marc B. Gursky
> Gursky Wiens Attorneys at Law, Ltd.
> 1130 Ten Rod Road
> Suite C-207
> North Kingstown, RI 02852
> mgursky@rilaborlaw.com
> (Counsel for Defendants)

> /s/ Francesco A. DeLuca
> Francesco A. DeLuca

34243660.1

# EXHIBIT A

## Harrison, Lynda

| | |
|---|---|
| **From:** | Silveira, Lori <LSilveira@apslaw.com> |
| **Sent:** | Friday, May 25, 2018 9:45 AM |
| **To:** | 'Lynch, Demonica' |
| **Cc:** | McKittrick, Neil V.; DeLuca, Francesco (Fran) A.; 'Marc B. Gursky'; 'Canaan Palker'; Dunne, LeeAnne |
| **Subject:** | DHL NH, LLC v. Teamsters Local 251 |
| **Attachments:** | Spvd-cpy-so18052508410.pdf |
| | |
| **Importance:** | High |

Demonica,

We represent DHL NH, LLLC in the above-captioned action filed pursuant to RIGL 28-10-2 to enjoin unlawful labor activity taking place at the DHL facility in Pawtucket.  We are in the process of filing the above-captioned action for a TRO and other injunctive relief right now.  We respectfully submit that the motion for a TRO needs to be heard today.  Please advise when the judge will see us.  A copy of the Verified Complaint is attached to this email.  The TRO petition and supporting memo will follow shortly.

Thank you!

Lori


**LORI CARON SILVEIRA, ESQ.**
V-CARD | BIO | WEBSITE | LSILVEIRA@APSLAW.COM
One Citizens Plaza, 8th Floor, Providence RI 02903
401.274.7200 | fax 401.751.0604
[x]
PROVIDENCE - BOSTON - NEWPORT - NEW HAMPSHIRE
[x] [x] [x]

This e-mail message is confidential and is intended only for the named recipient(s). It may contain information that is subject to the attorney client privilege or the attorney work-product doctrine or that is otherwise exempt from disclosure under applicable law. If you have received this e-mail message in error, or are not the named recipient(s), please immediately notify LSilveira@apslaw.com and delete this message from your computer and destroy all copies. Thank you.

# EXHIBIT B

## Harrison, Lynda

| | |
|---|---|
| **From:** | Silveira, Lori <LSilveira@apslaw.com> |
| **Sent:** | Friday, May 25, 2018 11:13 AM |
| **To:** | Marc Gursky |
| **Cc:** | McKittrick, Neil V.; DeLuca, Francesco (Fran) A. |
| **Subject:** | Hearing |

2 pm - tentative, per clerk.  I'll email again when confirmed.

Sent from my iPhone

**LORI CARON SILVEIRA, ESQ.**
V-CARD | BIO | WEBSITE | LSILVEIRA@APSLAW.COM
One Citizens Plaza, 8th Floor, Providence RI 02903
401.274.7200 | fax 401.751.0604

PROVIDENCE - BOSTON - NEWPORT - NEW HAMPSHIRE

This e-mail message is confidential and is intended only for the named recipient(s). It may contain information that is subject to the attorney client privilege or the attorney work-product doctrine or that is otherwise exempt from disclosure under applicable law. If you have received this e-mail message in error, or are not the named recipient(s), please immediately notify LSilveira@apslaw.com and delete this message from your computer and destroy all copies. Thank you.

# EXHIBIT C

**Harrison, Lynda**

| | |
|---|---|
| **From:** | Silveira, Lori <LSilveira@apslaw.com> |
| **Sent:** | Friday, May 25, 2018 11:45 AM |
| **To:** | 'Lynch, Demonica' |
| **Cc:** | McKittrick, Neil V.; DeLuca, Francesco (Fran) A.; 'Marc B. Gursky'; 'Canaan Palker'; Dunne, LeeAnne |
| **Subject:** | DHL NH, LLC v. Teamsters Local 251 CA PC 2018-3630 |
| **Importance:** | High |

Demonica,

Marc Gursky cannot be in Providence for a 12:15 conference.  Shall we come over a bit before 2 PM?

Thank you,
Lori

**LORI CARON SILVEIRA, ESQ.**
V-CARD | BIO | WEBSITE | LSILVEIRA@APSLAW.COM
One Citizens Plaza, 8th Floor, Providence RI 02903
401.274.7200 | fax 401.751.0604
[×]
PROVIDENCE - BOSTON - NEWPORT - NEW HAMPSHIRE
[×] [×] [×]

This e-mail message is confidential and is intended only for the named recipient(s). It may contain information that is subject to the attorney client privilege or the attorney work-product doctrine or that is otherwise exempt from disclosure under applicable law. If you have received this e-mail message in error, or are not the named recipient(s), please immediately notify LSilveira@apslaw.com and delete this message from your computer and destroy all copies. Thank you.

**EXHIBIT D**

## Harrison, Lynda

| | |
|---|---|
| **From:** | Marc B. Gursky <MGursky@rilaborlaw.com> |
| **Sent:** | Friday, May 25, 2018 12:08 PM |
| **To:** | Lynch, Demonica; 'Silveira, Lori' |
| **Cc:** | McKittrick, Neil V.; DeLuca, Francesco (Fran) A.; 'Canaan Palker'; Dunne, LeeAnne |
| **Subject:** | RE: DHL NH, LLC v. Teamsters Local 251 CA PC 2018-3630 |

Hello Demonica.  Please let the Judge know that the matter has been removed to the Federal Court.  Thanks!


Marc



The information contained in this e-mail message and in any accompanying documents constitutes confidential and/or privileged information that belongs to Gursky|Wiens Attorneys at Law, Ltd..  This information is intended only for the use of the individual or entity to whom it is directed.  If you are not the intended recipient of this information, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited.  If you have received this e-mail message in error, please immediately notify us by telephone at 401.294.4700 and permanently delete this message from your computer.  Thank you.


**From:** Lynch, Demonica <dlynch@courts.ri.gov>
**Sent:** Friday, May 25, 2018 12:05 PM
**To:** 'Silveira, Lori' <LSilveira@apslaw.com>
**Cc:** 'McKittrick, Neil V.' <neil.mckittrick@ogletree.com>; 'DeLuca, Francesco (Fran) A.'
<francesco.deluca@ogletree.com>; Marc B. Gursky <MGursky@rilaborlaw.com>; 'Canaan Palker'
<canaan.palker@NYEL.org>; Dunne, LeeAnne <LDunne@apslaw.com>
**Subject:** RE: DHL NH, LLC v. Teamsters Local 251 CA PC 2018-3630

Yes please. Even if it's just a few minutes before.


**From:** Silveira, Lori [mailto:LSilveira@apslaw.com]
**Sent:** Friday, May 25, 2018 11:45 AM
**To:** Lynch, Demonica
**Cc:** 'McKittrick, Neil V.'; 'DeLuca, Francesco (Fran) A.'; 'Marc B. Gursky'; 'Canaan Palker'; Dunne, LeeAnne
**Subject:** DHL NH, LLC v. Teamsters Local 251 CA PC 2018-3630
**Importance:** High

Demonica,

Marc Gursky cannot be in Providence for a 12:15 conference.  Shall we come over a bit before 2 PM?

1

Thank you,
Lori

**LORI CARON SILVEIRA, ESQ.**
V-CARD | BIO | WEBSITE | LSILVEIRA@APSLAW.COM
One Citizens Plaza, 8th Floor, Providence RI 02903
401.274.7200 | fax 401.751.0604

PROVIDENCE - BOSTON - NEWPORT - NEW HAMPSHIRE

This e-mail message is confidential and is intended only for the named recipient(s). It may contain information that is subject to the attorney client privilege or the attorney work-product doctrine or that is otherwise exempt from disclosure under applicable law. If you have received this e-mail message in error, or are not the named recipient(s), please immediately notify LSilveira@apslaw.com and delete this message from your computer and destroy all copies. Thank you.