# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

DHLNH, LLC,
    Plaintiff,

v.

INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, LOCAL 251, et al.,
    Defendants.

C.A. No. 18-281-JJM-PAS

## ORDER

Before the Court is Plaintiff DHLNH, LLC's emergency motion to remand this matter to the Rhode Island Superior Court. ECF No. 4. For the following reasons, the motion is GRANTED.

DHLNH alleges that the Defendants—International Brotherhood of Teamsters, Local 251 and numerous named and unnamed individuals—have engaged in unlawful picketing activities outside of DHLNH's Pawtucket, Rhode Island facility. On the morning of May 25, 2018, DHLNH filed a verified complaint and a motion for a temporary restraining order in Rhode Island Superior Court. The superior court scheduled a TRO hearing for 2:00 pm on that day. By noon, however, the Defendants had removed the matter to this Court. No Defendant had been served by the time the action was removed.

On the morning of the next business day, DHLNH filed an emergency motion to remand the case to state court. The Defendants responded and a hearing was held that morning, following which the Court ordered supplemental briefing on an expedited basis.

28 U.S.C. § 1441(a) allows for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to be "removed by the defendant or the defendants" to the appropriate United States district court. Whether this case can be removed, then, depends on whether this Court has original jurisdiction, either by diversity jurisdiction or federal question jurisdiction.

A. Diversity Jurisdiction

The Defendants assert that they removed this case on the basis of diversity jurisdiction. ECF No. 1 at 1. While it does appear that there is diversity of citizenship (*see* ECF No. 1-1 ¶ 1; ECF No. 10 at 3; ECF No. 11 at 6), removal in this case is barred by the forum defendant rule. That rule, codified at 28 U.S.C. § 1441(b)(2), provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The Defendants argue that this rule cannot apply to them because none of them was "properly joined and served" prior to removal. The Court disagrees.

As both parties note, federal courts are divided as to whether the forum defendant rule bars removal before service on the basis of diversity jurisdiction.[1] However, "the growing trend among district courts wrestling with this issue is to

---

[1] The First Circuit has held that "service is generally not a prerequisite for removal and that a defendant may remove a state-court action to federal court any time after the lawsuit is filed but before the statutorily-defined period for removal ends." *Novak v. Bank of N.Y. Mellon Tr. Co., NA.*, 783 F.3d 910, 911 (1st Cir. 2015) (per curiam). However, the court cautioned that this general rule may not apply when removal is based on diversity and where one of the defendants is a citizen of the forum state. *See id.* at 911 n.1 (citing 28 U.S.C. § 1441(b)(2)).

remand, finding that although 'the plain meaning of [§] 1441(b)(2) permits preservice removal by a resident defendant, . . . a literal application of this plain meaning is contrary to congressional intent and creates absurd results.'" *Deutsche Bank Nat'l Tr. Co. v. Hagan*, No. 15-00376 JMS-KSC, 2015 WL 7720465, at *4 (D. Haw. Nov. 27, 2015) (alterations in original) (quoting *Phillips Constr., LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 550 (S.D.W. Va. 2015)).

After all, "[o]ne of the principal purposes of diversity jurisdiction was to give a citizen of one state access to an unbiased court to protect him from parochialism if he was forced into litigation in another state in which he was a stranger and of which his opponent was a citizen." *Reimold v. Gokaslan*, 110 F. Supp. 3d 641, 642 (D. Md. 2015) (quoting *Ziady v. Curley*, 396 F.2d 873, 875 (4th Cir. 1968)). The removal power, then, allows a "non-forum defendant . . . to seek the protection of the federal court against any perceived local bias in the state court chosen by the plaintiff." *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 319 (D. Mass. 2013). The prohibition on forum-defendant removal makes sense because, "when the defendant seeking removal is a citizen of the forum state," the "protection-from-bias rationale behind the removal power evaporates." *Id.*

Defendants' interpretation of § 1441(b)(2) would allow a loophole in which they, as forum defendants, could remove the case prior to service, even though they would be prohibited from doing so afterward. This is contrary to the purpose of § 1441(b)(2) and would lead to an absurd result. *See Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982) ("[I]nterpretations of a statute which would produce

3

absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available."); *Wilcox v. Ives*, 864 F.2d 915, 926 (1st Cir. 1988) (same).

Accordingly, the Court finds that the forum defendant rule precludes removal on the basis of diversity jurisdiction.

B.   Federal Question Jurisdiction

Removal would also be proper if the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Defendants argue that the Complaint states claims based on union secondary activities, which are preempted by federal law. On this, too, the Court disagrees.

Section 303 of the Labor Management Relations Act, 29 U.S.C. § 187, creates a private right of action for anyone "injured in his business or property by reason or any violation of" Section 8(b)(4) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(b)(4). Section 8(b)(4)(ii)(B) states that:

> It shall be an unfair labor practice for a labor organization or its agents . . . to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is . . . forcing or requiring any person . . . to cease doing business with any other person . . . .

This prohibited conduct, known as a secondary boycott, is aimed "to persuade the customers of the secondary employer to cease trading with him in order to force him to cease dealing with, or to put pressure upon, the primary employer." *NLRB v. Retail Store Emps. Union*, 447 U.S. 607, 616 (1980) (quoting *NLRB v. Fruit & Vegetable Packers & Warehousemen*, 377 U.S. 58, 63 (1964)).

DHLNH's Complaint alleges in relevant part:

4

> 15. [Defendants'] pickets seek to prevent Plaintiff's employees, the employees of Plaintiff's affiliated and parent companies, and employees of DHL Express from freely entering and exiting the Pawtucket Facility in the performance of their duties.
>
> 16. The pickets are making threats, committing assaults, using abusive and corrosive language, and engaging in acts of violence [against] . . . . an employee of Plaintiff's affiliated company . . . . the manager of information technology for Plaintiff's parent company . . . . the home owner of Plaintiff's parent company . . . . an employee of DHL Express . . . . [an employee of] Plaintiff's affiliated company . . . . a dockworker for Plaintiff's affiliated company . . . . [and] the hotel where Plaintiff's replacement workers were staying. . . .
>
> 21. The foregoing acts of violence and threats of violence have interfered with – and continue to interfere with – Plaintiff's, its affiliated and parent companies', and DHL Express's personnel's right to work . . . .

ECF No. 1-1. Plaintiff also asserts a likelihood of further injury to affiliated companies. *Id.* ¶ 22.

Critically, while DHLNH does allege conduct directed at third parties, it does not allege that the "object thereof" is to force or induce those third parties to cease doing business with DHLNH in violation of the NLRA. *See Brown & Sharpe Mfg. Co. v. All Individual Members of Lodges 1088 & 1142*, 535 F. Supp. 167, 170 (D.R.I. 1982) (Pettine, C.J.) (remanding case where allegations that picketing and violence prevented employees of neutral employers from conducting business at the primary employer's plant because the plaintiff did not allege any "unlawful objective" required by the NLRA); *J. Landowne Co. v. Paper Box Makers & Paper Specialties Union*, 278 F. Supp. 339, 341 (E.D.N.Y. 1967) (Weinstein, J.) ("The fact that the complaint alleges that employees of neutrals are affected by the picketing at the

5

primary site does not, in and of itself, permit the inference of unlawful secondary activity.").

Defendants argue that this case is controlled by *Charles D. Bonanno Linen Service, Inc. v. McCarthy*, 708 F.2d 1 (1st Cir. 1983), which found that a district court had jurisdiction to hear a claim regarding a secondary boycott. But *McCarthy* involved an allegation that the union "*intended* to *coerce* third persons into ceasing to do business with it," *id.* at 6, an allegation that falls within the scope of the NLRA. Such an allegation is lacking here.

Accordingly, the Court finds that it lacks federal question jurisdiction over this case.

*          *          *

For the foregoing reasons, Plaintiff's emergency motion to remand (ECF No. 4) is GRANTED. The case is hereby remanded to the Rhode Island Superior Court.


IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

June 18, 2018